UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MEDITERRANEAN SHIPPING CO. S.A.
and MEDITERRANEAN SHIPPING CO.
(USA) INC.,

      Plaintiff(s),

-against-

ALL AMERICAN PRODUCE CORP.,

      Defendant(s).

 07 CIV 11110

COMPLAINT



RECEIVED
DEC 0 7 2007
U.S.D.C. S.D.N.Y.
CASHIERS

    PLEASE TAKE NOTICE that Plaintiff(s), MEDITERRANEAN SHIPPING CO. S.A. and MEDITERRANEAN SHIPPING CO. (USA) INC., (collectively "MSC"), by their attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant(s), ALL AMERICAN PRODUCE CORP., ("ALL AMERICAN"), allege, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff MEDITERRANEAN SHIPPING CO. S.A. is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3.    Plaintiff MEDITERRANEAN SHIPPNG CO. (USA) INC. is a legal entity duly organized and existing pursuant to the laws of the United States with offices and a place of business located in the Southern District.

4. Defendant ALL AMERICAN is a business entity organized and existing pursuant to the laws of the United States with offices and a place of business located at 426 S.W. 8th Street, #8, Miami, FL 33130.

5. The United States District Court for the Southern District of New York is the proper venue for this action, as Plaintiff MSC resides and/or maintains a principal place of business in the Southern District of New York.

6. The Southern District is also the proper venue for this action pursuant to the Law and Jurisdiction Clause of the applicable contract.

7. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ALL AMERICAN

8. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "7" as if specifically set forth herein at length.

9. At all times relevant herein, Defendant ALL AMERICAN entered into agreements, service contracts, contracts of affreightment, charter agreements and/or bills of lading, with Plaintiff for the carriage, storage, handling, care and/or maintenance of Defendant's cargoes by Plaintiff in consideration for payments by Defendant to Plaintiff for said services.

10. Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with Defendant's goods.

11. Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to pay freight, dead freight, demurrage, detention, port fees, tariffs and other associated costs.

12. As a result of Defendant's breach of the subject agreements and Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the agreements and at law.

13. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

14. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiff's damages due and owing under the agreements and at law.

15. By reason of the foregoing, Plaintiff has sustained damages in the amount of $4,855.06, together with interest, costs, fees, and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ALL AMERICAN

16. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "15" as if specifically set forth herein at length.

17. Defendant has an account stated with the Plaintiff.

18. By reason of the foregoing, Plaintiff has sustained damages in the amount of $4,855.06, together with interest, costs, fees, and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT ALL AMERICAN

19. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "18" as if specifically set forth herein at length.

20. Plaintiff is due from Defendant the quantum meruit of Plaintiff's services.

WHEREFORE, Plaintiff prays:

(A). that judgment be entered in favor of Plaintiff for an amount exceeding **four thousand eight hundred and fifty-five dollars and six cents** $4,855.06, plus interest, fees, including attorneys' fees, costs, and disbursements;

(B). that Court process be issued against the Defendant; and

(C). that Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: New York, New York
  December 5, 2007

>  MAHONEY & KEANE, LLP
>  Attorneys for Plaintiffs
>  MEDITERRANEAN SHIPPING CO. S.A. and
>  MEDITERRANEAN SHIPPING CO. (USA) INC.
>
>  By: _____
>  Jorge A. Rodriguez (JR 2162)
>  111 Broadway, Tenth Floor
>  New York, New York 10006
>  Tel (212) 385-1422
>  Fax (212) 385-1605
>  Our File No. 12/3507/B/07/12

SERVICE LIST

ALL AMERICAN PRODUCE CORP.
426 S.W. 8th Street, #8
Miami, FL 33130