UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO. S.A. and
MEDITERRANEAN SHIPPING CO. (USA)
INC.,

               Plaintiff(s),

       -against-

ALL AMERICAN PRODUCE CORP.,

               Defendant(s).

07-cv-11110 (Baer)

AFFIDAVIT IN SUPPORT OF
MOTION FOR DEFAULT

STATE OF NEW YORK    )
                      )   ss.:
COUNTY OF NEW YORK  )

     JORGE A. RODRIGUEZ, being duly sworn, deposes and says:

     1.     I am a member of the Bar of this Court and am associated with the firm of MAHONEY & KEANE, LLP, attorneys for Plaintiffs in the above-entitled action and I am familiar with all the facts and circumstances in this action.

     2.     I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiffs' application for the entry of a default judgment against Defendant ALL AMERICAN PRODUCE CORP. ("ALL AMERICAN").

     3.     Herewith attached are true copies of the following:

          Exhibit 1.     Summons and Complaint;

          Exhibit 2.     Affidavit of Service;

          Exhibit 3.     Statement of damages;

          Exhibit 4.     Supporting documentation;

          Exhibit 5.     Stipulation of Settlement;

        Exhibit 6.      Clerk's certificate; and

        Exhibit 7.      Proposed order

4.      Plaintiffs commenced this action against Defendants for unpaid freight charges. (Ex. 1).

5.      Jurisdiction of the subject matter is based on 28 USC § 1333 and admiralty/maritime jurisdiction. (Id.).

6.      This action was commenced on or about December 7, 2007 by the filing of the summons and complaint. (Id.). The summons and complaint were served on defendant on January 30, 2008 by personally delivering said documents to GEORGE RODRIGUEZ, JR, authorized by appointment or law to receive service of process on behalf of defendant, at the defendant's place of business. (Ex. 2). Proof of service by the Special Process Server was filed. (Id.).

7.      Subsequent to the service of the Summons and Complaint, Mr. Jorge Rodriguez, the representative of ALL AMERICAN, contacted the undersigned and asked that the matter be settled without further intervention of the Court.

8.      As a result, the parties entered into a stipulation of settlement, whereby Defendant was required to pay a total of $6,311.58, in consideration for Plaintiffs' dismissal of the underlying action. (Ex. 5).

9.      The terms of the stipulation required that the payments be made in three equal installments of $2,103.86. (Id.).

10.     Under the terms of the stipulation, the first of the three payments was to be made five days after Defendant's execution of the stipulation of settlement. (Id.). The second payment was due thirty days after the initial payment, or in any event, no later than May 20, 2008. (Id.). The

third payment was due sixty days after the initial payment, or in any event, no later than June 20, 2008. (Id.).

11.    Defendant made the initial payment, as per the terms of the stipulation.

12.    Defendant, thereafter, failed to provide any additional payments.

13.    The undersigned attorney contacted Defendant via email and telephone, in an effort to resolve Defendant's default.  However, Defendant failed to provide payment for the amounts outstanding under the terms of the stipulation.

14.    Defendant has not answered the Complaint and the time for the Defendant to answer the Complaint has expired.

15.    Defendant has, likewise, defaulted on its obligation under the settlement agreement.

16.    This motion seeks judgment for the liquidated amount of $4,207.72, plus costs, fees and disbursements in the amount of $469.95, for a total of $4,677.67, plus interest at the legal rate in effect in this jurisdiction.  (Ex. 3).

17.    The amounts demanded are justly due and owing, no part of which has been paid, though duly demanded.

18.    The defendant is not an infant or incompetent.

19.    The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendant.

By: _____
Jorge A. Rodriguez

Sworn to before me this

_18th_ day of July, 2008

_____
Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5075948
Qualified in New York County
Term Expires
4/24/201

# Exhibit 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO. S.A.
and MEDITERRANEAN SHIPPING CO.
(USA) INC.,

Plaintiff(s),

-against-

ALL AMERICAN PRODUCE CORP.,

Defendant(s).

**SUMMONS IN A CIVIL ACTION**

**Case No. 07 CIV**

07 CV 11110

JUDGE BAER

**TO**: (name and address of defendants)

ALL AMERICAN PRODUCE CORP.
426 S.W. 8th Street, #8
Miami, FL 33130

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY
(name and address)

MAHONEY & KEANE, LLP
111 Broadway, 10th Floor
New York, NY 10003
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days
after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any
answer that you serve on the parties to this action must be filed with the Clerk of this Court
within a reasonable period of time after service.

J. MICHAEL McMAHON                    DEC 0 7 2007

CLERK                                              DATE

_Marcos Quintero_

DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

MEDITERRANEAN SHIPPING CO. S.A.  07 CIV 11110
and MEDITERRANEAN SHIPPING CO.
(USA) INC.,

          Plaintiff(s),

       -against-

ALL AMERICAN PRODUCE CORP.,

          Defendant(s).

---

### COMPLAINT



PLEASE TAKE NOTICE that Plaintiff(s), MEDITERRANEAN SHIPPING CO. S.A.
and MEDITERRANEAN SHIPPING CO. (USA) INC., (collectively "MSC"), by their
attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant(s), ALL
AMERICAN PRODUCE CORP., ("ALL AMERICAN"), allege, upon information and belief,
as follows:

    1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule
9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as
well as the Court's pendent, supplementary and ancillary jurisdiction.

    2.     Plaintiff MEDITERRANEAN SHIPPING CO. S.A. is a legal entity duly
organized and existing pursuant to the laws of a foreign country.

    3.     Plaintiff MEDITERRANEAN SHIPPNG CO. (USA) INC. is a legal entity duly
organized and existing pursuant to the laws of the United States with offices and a place of
business located in the Southern District.

4.      Defendant ALL AMERICAN is a business entity organized and existing pursuant to the laws of the United States with offices and a place of business located at 426 S.W. 8th Street, #8, Miami, FL 33130.

5.      The United States District Court for the Southern District of New York is the proper venue for this action, as Plaintiff MSC resides and/or maintains a principal place of business in the Southern District of New York.

6.      The Southern District is also the proper venue for this action pursuant to the Law and Jurisdiction Clause of the applicable contract.

7.      Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ALL AMERICAN

8.      Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "7" as if specifically set forth herein at length.

9.      At all times relevant herein, Defendant ALL AMERICAN entered into agreements, service contracts, contracts of affreightment, charter agreements and/or bills of lading, with Plaintiff for the carriage, storage, handling, care and/or maintenance of Defendant's cargoes by Plaintiff in consideration for payments by Defendant to Plaintiff for said services.

10      Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with Defendant's goods.

11.      Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to pay freight, dead freight, demurrage, detention, port fees, tariffs and other associated costs.

12.    As a result of Defendant's breach of the subject agreements and Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the agreements and at law.

13.    Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

14.    Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiff's damages due and owing under the agreements and at law.

15.    By reason of the foregoing, Plaintiff has sustained damages in the amount of $4,855.06, together with interest, costs, fees, and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ALL AMERICAN

16.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "15" as if specifically set forth herein at length.

17.    Defendant has an account stated with the Plaintiff.

18.    By reason of the foregoing, Plaintiff has sustained damages in the amount of $4,855.06, together with interest, costs, fees, and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT ALL AMERICAN

19.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "18" as if specifically set forth herein at length.

20.    Plaintiff is due from Defendant the quantum meruit of Plaintiff's services.

WHEREFORE, Plaintiff prays:

(A).    that judgment be entered in favor of Plaintiff for an amount exceeding **four thousand eight hundred and fifty-five dollars and six cents** $4,855.06, plus interest, fees, including attorneys' fees, costs, and disbursements;

(B).    that Court process be issued against the Defendant; and

(C).    that Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated:  New York, New York

December _5_, 2007

MAHONEY & KEANE, LLP
Attorneys for Plaintiffs
MEDITERRANEAN SHIPPING CO. S.A. and
MEDITERRANEAN SHIPPING CO. (USA)
INC.

By: _____
Jorge A. Rodriguez (JR 2162)
111 Broadway, Tenth Floor
New York, New York 10006
Tel (212) 385-1422
Fax (212) 385-1605
Our File No. 12/3507/B/07/12

SERVICE LIST

ALL AMERICAN PRODUCE CORP.
426 S.W. 8th Street, #8
Miami, FL 33130

- 4 -

# Exhibit 2

2007121114 3319

AO 440 (Rev. 10/93) Summons in a Civil Action    **RETURN OF SERVICE**

| | |
|---|---|
| SERVICE OF: | **SUMMONS, COMPLAINT** |
| EFFECTED (1) BY ME: | **OUT OF STATE** |
| TITLE: | **PROCESS SERVER** |

DATE: 1-30-08

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

ALL AMERICAN PRODUCE CORP.    George Rodriguez Jr.  man Agent

Place where served:

420 S w 8th st. #8  miami  FL 33130

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

Relationship to defendant: _Managing Agent_

Description of person accepting service:

SEX: M  AGE: 25  HEIGHT: 5 8  WEIGHT: 140  SKIN: Brown  HAIR: Black  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.___    SERVICES $ _____.___    TOTAL $ _____.___

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 1 /30 /20 08

SIGNATURE OF OUT OF STATE  L.S.
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

| | |
|---|---|
| ATTORNEY: | JORGE A. RODRIGUEZ, ESQ. |
| PLAINTIFF: | MEDITERRANEAN SHIPPING CO., ET AL |
| DEFENDANT: | ALL AMERICAN PRODUCE CORP. |
| VENUE: | SOUTHERN DISTRICT |
| DOCKET: | 07 CV 11110 |

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN SHIPPING CO. S.A. and MEDITERRANEAN SHIPPING CO. (USA) INC., <br><br> Plaintiff(s), <br><br> -against- <br><br> ALL AMERICAN PRODUCE CORP., <br><br> Defendant(s). | 07-cv-11110 (Baer) <br><br><br> STATEMENT OF DAMAGES |

Stipulated settlement amount…………………………………………….    $6,311.58

Payment made…………………………………………………………….    ($2,103.86)


Costs and Disbursements:

     Clerk's filing fee……………………………………………...    $350.00

     Process server fee…………………………………………….    $119.95


Total…………………………………………………………………….    $4,677.67

# Exhibit 4



# MEDITERRANEAN SHIPPING COMPANY S.A., Geneva   (USA) Inc.

420 Fifth Ave.                    New York, NY 10018

PH: (212) 764-4800  Fax: (212) 764-6599

**FREIGHT INVOICE**

Page 1 of 1

| | |
|---|---|
| Invoice Number  : MSCUPO319896 | Vessel / Voyage :   MSC BELEM  38R |
| BOL Number    : MSCUPO319896 | Place of Receipt : |
| Booking Number(s): LIM42356 | Port of loading :   Paita |
| Arrival Date    : 13-May-2007 | Port of discharge :   PORT EVERGLADES |
| | Place of delivery : |

Bill To:    WORLD LOGISTICS LLC
1471 NW 21 ST.
Miami, FL. 33142

REFERENCE #:

PARTICULARS FURNISHED BY SHIPPER "CARRIER HAS NO MEANS TO VERIFY CORRECTNESS"

| CONTAINER NUMBER | CNTR TYPE | PKGS | H.M. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|---|---|
| MSCU7414971<br>MSC 0056311<br>3123870 | 40' High Cube Reefer | | | 1071 BOXES FRESH LEMON FREIGHT COLLECT TEMPERATURE 8C VENTILACION 30 % HUMEDAD 95 % "THE REEFER TEMPERATURE TO BE SET AT +8 DEGREES CELSIUS IN ACCORDANCE WITH SHIPPER'S INSTRUCTIONS" SHIPPER DECLARES THAT ANY APLICABLE WOOD PACKAGING MATERIALS COMPLY UIT ISPM 15 REGULATIONS, FAILURE TO COMPLY WILL RESULT IN CONTAINERS BEING RETURNED TO LOAD PORT OR CARGO DESTROYED - ALL COSTS, FINES, PENALTIES, WILL BE FOR SHIPPERS ACCOUNT. | 20,050.00 kgs.<br>44,202.68 lbs. | 0.00 cu. m.<br>0.00 cu. ft. |

REGARDLESS MERCHANDISE TO BE MARKED WITH AN ASTERISK (*)

Bill Of Lading Inserted by DTX

These commodities technology or software were exported from the U.S. in accordance with the export administration regulations. Diversion contrary to U.S. law prohibited

Payable on receipt unless credit agreement has been established.
Please make checks  payable to:
MSC (USA). Inc.
and include the Invoice Number
MSCUPO319896 with your payment.

| FREIGHT & CHARGES | Unit | | Unit Rate | | Amount | Type | Paid At | Exch Rate |
|---|---|---|---|---|---|---|---|---|
| ISPS import | 1 | USD | 5.06 | USD | 6.00 | C | | |
| Ocean Freight | 1 | USD | 4,800.00 | USD | 4,800.00 | C | | |
| Wharfage | 1 | USD | 49.06 | USD | 49.06 | C | | |
| Total | | | | USD | 4,855.06 | | | |

Released at :
MEDITERRANEAN SHIPPING
COMPANY

# MEDITERRANEAN SHIPPING COMPANY S.A., Geneva

COPY - NON NEGOTIABLE

## MSCUPO319896

| | |
|---|---|
| SHIPPER | No of original B/L (number & words) |
| GRO. EXPORT. ELITE S.A.C. | 3  THREE |
| Z.P.R LTE B/N URB BELLAMAR 1ERA ETAPA AV | No of Box Rider Pages (number & words) |
| UNIVERSITARIA NVO CHIMBOTE | 0  ZERO |
| CHIMBOTE | |

CONSIGNEE ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER )
A.A. PRODUCE CORP.

2383 NW. 7 ST SUITE 201 MIAMI FLORIDA 33142
MIAMI, FL
MIAMI, FL 33142

NOTIFY
WORLD LOGISTICS INC
171 NW 21 ST MIAMI, FL
MIAMI 33142

SPACE FOR CARRIER'S AGENTS ENDORSEMENTS (IF CURRCLSLSD)

| PRE-CARRIAGE BY | PLACE OF RECEIPT (Combined Transport only) |
|---|---|
| XXXXXXXXXXXXXXXX | XXXXXXXXXXXXXXXXXXXXX |

| PORT OF LOADING | PORT OF DISCHARGE |
|---|---|
| AITA, PERU | PORT EVERGLADES, FL |

| VESSEL AND VOY NO | PORT OF DISCHARGE (Combined Transport only) |
|---|---|
| XXXXXXXXXXXXXXXX | XXXXXXXXXXXXXXXXXX |

| | PLACE OF DELIVERY (Combined Transport only) |
|---|---|
| SC BELEM - 351R | MEDITERRANEAN SHIPPING COMPANY ( |

---

**SHIPPER'S MEMORANDA: BOXES (A) TO (E) AND BOX 13 ARE NOT PART OF THIS B/L CONTRACT - FOR MERCHANT'S USE ONLY**

BM12356

| | Cargo Description | Gross Weight | Measurement |
|---|---|---|---|
| GU0741451 40 HIGH CUBE R | 1071 BOXES) OF  1071 BOXES FRESH LEMON FREIGHT COLLECT TEMPERATURE 8C | 20,050,000 KGS. | |
| 0000663 N28670 | VENTILACION 20 % HUMEDAD 95 % "THE REEFER TEMPERATURE TO BE SET AT +6 | 44,202,684 LBS | |
| | DEGREES CELSIUS IN ACCORDANCE WITH SHIPPER'S INSTRUCTIONS" SHIPPER | | |
| | DECLARES THAT ANY APLICABLE WOOD PACKAGING MATERIAL COMPLY UIT ISPM 15 | | |
| | REGULATIONS, FAILURE TO COMPLY WILL RESULT IN CONTAINERS BEING RETURNED | | |
| | TO LOAD PORT OR CARGO DESTROYED - ALL COSTS, FINES, PENALTIES, WILL BE FOR | | |
| | SHIPPERS ACCOUNT | | |
| | ( 8 C - 8 C ) | | |
| | | | |
| | BILL OF LADING INSERTED BY DTX | TOTAL | 20,050,000 KGS |
| | MASTER BILL NUMBER MSCUPO319896. IN | | 44,202,684 LBS. |
| | FO FROM FIELD BL113 IN 55 | | |

---

FREIGHT & CHARGES ("PAYABLE") signed as INTENTION. Cargo shall not be delivered unless Freight & Charges are paid)

| FREIGHT & CHARGES | BASIS | RATE | PAYABLE AT | | |
|---|---|---|---|---|---|
| | | | POL | POD | ELSEWHERE |
| OCEAN FREIGHT | 1 | 4,800.00 | USD | 4,800.00 | |
| WHARFAGE | 1 | 48.06 | USD | 48.06 | |
| | | | | | |
| | | | USD | 4,848.06 | |

---

| | | |
|---|---|---|
| PLACE AND DATE OF ISSUE | SHIPPED ON BOARD | AS AGENTS FOR THE CARRIER |
| MEDITERRANEAN SHIPPING COMPANY | DATE | |
| 4/2007 | 4/18/2007 | |



All American Produce Corp.
2140 NW 13th Ave
Miami, FL 33142
May 18, 2007

cc: J. CORDOVA

Mediterranean Shipping Company
Jose Moreno
8200 NW 52nd Ter # 301
Doral, FL 33166
Telephone: (305) 477-9277

Dear Mr Moreno:

This letter is to inform you that we placed a stop payment on check #1345 which was used to pay for freight charges for container # MSCU-741497-1. We took that action due to the fact that the commodity which we received, limes, where received in poor condition. A claim has already been opened with your cargo claims department as the container which shipped on April 18th 2007, did not arrive up until May 15th 2007; extending the original transit time by more than 2 weeks.

The shipper is:

AgroExport Elite S.A.C

M2 PR LTE S/N URB BELLAMAR IERA ETAPA

AV UNIVERSITARIA LA NVO CHIMBOTE

Sincerely,

Jorge Rodriguez
President.

YANET AVILA
Notary Public - State of Florida
My Commission Expires Dec 2, 2008
Commission # DD 376458
Bonded By National Notary Assn.

Jorge Rodriguez who is
✱ personally known to me

State of FL
County of Dade



*061100606*
05/31/2007
0142236420

is is a LEGAL COPY of your
eck. You can use it the same
ay you would use the original
eck.

RETURN REASON (C)
     STOP PAYMENT

*259,170 5/25/07

*186416

⑆00l345⑈ ⑆⑆06700643⑈ ⑆⑆000032181526⑈ *0000485506*

ITEM RETURN NOTICE

e following items previously deposited to your account were returned unpaid.  These
ems have been charged back to your account along with any applicable return item fees.
ease deduct the total amount listed below from your account balance.

| Return<br>Reason | Check<br>Number | Account<br>Number | Check<br>Amount | Fee<br>Amount |
|---|---|---|---|---|
| STOP PAYMENT<br>  Sequence: 0142236420 | 1345 | 2000032181526 | $    4855.06 | $    0.00 |
|  | TOTAL: | 1 RETURN(S) | $    4855.06 | $    0.00 |

### Important Information About Your Checking Account - Substitute Checks and Your Rights

**What is a Substitute Check?**

To make check processing faster, federal law permits banks to replace original checks with "substitute checks." These checks are similar in size to original checks with a slightly reduced image of the front and back of the original check. The front of the substitute check states: "This is a legal copy of your check. You can use it the same way you would use the original check." You may use a substitute check as proof of payment just like the original check.

Some or all of the checks that you receive back from us may be substitute checks. This notice describes rights you have when you receive substitute checks from us. The rights in this notice do not apply to original checks or to electronic debits to your account. However, you have rights under other law with respect to those transactions.

**What are my rights regarding substitute checks?**

In certain cases, federal law provides a special procedure that allows you to request a refund for losses you suffer if a substitute check is posted to your account (for example, if you think that we withdrew the wrong amount from your account or that we withdrew money from your account more than once for the same check). The losses you may attempt to recover under this procedure may include the amount that was withdrawn from

your account and fees that were charged as a result of the withdrawal (for example, bounced check fees).

The amount of the refund under this procedure is limited to the amount of your loss or the amount of the substitute check, whichever is less. You are also entitled to interest on the amount of the refund if an account is an interest bearing account. If your loss exceeds the amount of the substitute check, you may be able to recover additional amounts under other law.

If you use this procedure, you may receive up to $2,500 of your refund (plus interest if your account earns interest) within 10 business days after we received your claim and the remainder of your refund (plus interest if your account earns interest) not later than 45 calendar days after we received your claim.

We may reverse the refund (including any interest on the refund) if we later are able to demonstrate that the substitute check was correctly posted to your account.

**How do I make a claim for a refund?**

If you believe that you have suffered a loss relating to a substitute check that you received and that was posted to your account, please contact your bank representative. You must

contact us within 40 calendar days of the date that we mailed (or otherwise delivered by a means to which you have agreed) the substitute check in question or the account statement showing that the substitute check was posted to your account, whichever is later. We will extend this time period if you were not able to make a timely claim because of extraordinary circumstances.

Your claim must include the following items:

(1) A description of why you have suffered a loss (for example, you think the amount withdrawn was incorrect);
(2) An estimate of the amount of your loss;
(3) An explanation of why the substitute check you received is insufficient to confirm that you suffered a loss; and
(4) A copy of the substitute check and/or the following information to help us identify the substitute check: the check number, the date the check was written, the name of the person to whom you wrote the check, the name of the person signing the check (you or joint account holder), and the amount of the check.

# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MEDITERRANEAN SHIPPING CO. S.A.
and MEDITERRANEAN SHIPPING CO.
(USA) INC.,

            Plaintiff(s),

        -against-

ALL AMERICAN PRODUCE CORP.,

            Defendant(s).

**07-cv-11110 (Baer)**

STIPULATION OF SETTLEMENT

---

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for Plaintiff, MEDITERRANEAN SHIPPING CO. S.A. and MEDITERRANEAN SHIPPING CO. (USA) INC. ("MSC") and Defendant, ALL AMERICAN PRODUCE CORP. ("ALL AMERICAN"), that this action and all claims, cross-claims and counter-claims are settled as follows:

1. Defendant ALL AMERICAN agrees to pay a total of six thousand three hundred and eleven dollars and fifty-eight cents ($6,311.58) in consideration for Plaintiffs' dismissal of the foregoing action.

2. Said payment shall be disbursed by ALL AMERICAN in three equal installments of $2,103.86, each, to be made by certified or bank check. All checks are to be made payable to Mediterranean Shipping Company and Mahoney & Keane, as attorneys.

3. Defendant agrees to provide the first of the referenced payments within five days of the execution of this settlement agreement.

4. Defendant agrees to provide the second of the referenced payments within thirty days of the initial payment, or, in any event, no later than May 20, 2008.

5. Defendant further agrees to provide the third of the referenced payments within sixty days of the initial payment, or, in any event, no later than June 20, 2008.

6. Plaintiffs' Notice of Discontinuance shall be held in escrow by Plaintiff's attorneys until

the aforesaid payment is made.

7.  This Stipulation may be executed in counterparts, and each counterpart shall be and constitute a part of this Stipulation, and all counterparts together shall constitute the original Stipulation.

Dated: New York, New York

~~April~~ May 5, 2007

>                                 MAHONEY & KEANE, LLP
>                                 Attorneys for Plaintiffs
>                                 MEDITERRANEAN SHIPPING CO. S.A. and
>                                 MEDITERRANEAN SHIPPING CO. (USA) INC.
>
> By: _____
>                                 Jorge A. Rodriguez, Esq. (JR 2162)
>                                 111 Broadway, Tenth Floor
>                                 New York, New York 10006
>                                 Tel (212) 385-1422
>                                 Fax (212) 385-1605
>                                 Our File No. 12/3507/B/07/12

Dated:

>     _____ (L.S.)
>     JORGE RODRIGUEZ, AS AGENT OF
>     DEFENDANT ALL AMERICAN PRODUCE
>     CORP.

Sworn to before me this
24 day of April, 2008

_____
Notary Public

YANET AVILA
Notary Public - State of Florida
My Commission Expires Dec 2, 2008
Commission # DD 376458
Bonded By National Notary Assn.

# Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO. S.A.
and MEDITERRANEAN SHIPPING CO.
(USA) INC.,

               Plaintiff(s),

        -against-

ALL AMERICAN PRODUCE CORP.,

               Defendant(s).

**07-cv-11110 (Baer)**

<u>CLERK'S CERTIFICATE</u>

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on December 7, 2007 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendants ALL AMERICAN PRODUCE CORP., by personally serving GEORGE RODRIGUEZ, JR., authorized by appointment or law to receive service of process, at defendants' place of business, and proof of such service thereof was filed on February 12, 2008.

I further certify that the docket entries indicate that the defendants have not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendants is hereby noted.

Dated: New York, New York

       July _____, 2008

                               J. MICHAEL MCMAHON
                               Clerk of the Court

                By: _____
                               Deputy Clerk

- 1 -

# Exhibit 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN SHIPPING CO. S.A. and MEDITERRANEAN SHIPPING CO. (USA) INC., | 07-cv-11110 (Baer) |
| Plaintiff(s), | **DEFAULT JUDGMENT** |
| -against- | |
| ALL AMERICAN PRODUCE CORP., | |
| Defendant(s). | |

This action having been commenced on December 7, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint in this action having been duly served on defendant ALL AMERICAN PRODUCE CORP., on January 30, 2008, by personally delivering copies of said documents to GEORGE RODRIGUEZ, JR., authorized by appointment and/or law to accept service on behalf of defendant, at defendant's principal place of business, and proof of service having been filed on February 12, 2008, and said defendant having failed to plead or otherwise defend this action, and the time for answering the Complaint having expired, it is,

ORDERED, ADJUDGED and DECREED: That plaintiffs have a judgment against defendant in the liquidated amount of **$4,207.72**, the amount claimed, plus **$469.95** in costs, disbursements and attorney fees, amounting in all to the sum of **$4,677.67**, plus interest at the legal rate in effect on the date of this judgment; and, that the plaintiffs have execution therefor.

Dated: New York, NY

_____, 2008

By:    _____
U.S.D.J.

STATE OF NEW YORK  :
                            SS.:
COUNTY OF NEW YORK :


    ARLINE VALENTI, being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and reside in, Staten Island, New York.

    On July 18, 2008, I served a true copy of the annexed **NOTICE OF MOTION WITH SUPPORTING PAPERS**


TO:  ALL AMERICAN PRODUCE
     426 S.W. 7TH STREET, #8
     MIAMI, FLORIDA  33130


on this date by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service.


_____
          ARLINE VALENTI


Sworn to before me on this
18TH day of July, 2008

_____
    Notary Public


JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified in New York County
Term Expires 06/06/2009